Alvin B. DALTON, d/b/a Home Energy Savers, Plaintiff-Appellant,

v.

Kathy BUNDY, as guardian for the estate of Janet Bundy, and Janet Bundy, Defendants-Respondents.

No. WD 34948.

Missouri Court of Appeals, Western District.

Jan. 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 28, 1984.

Roger M. Baron, Eldon, for plaintiff-appellant.

B. Allen Garner, Eldon, for defendants-respondents.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

PER CURIAM:

The plaintiff seeks a personal money judgment against the defendant Janet Bundy for $3,380 for siding placed on a house owned by her.

The trial court at the conclusion of plaintiff's evidence dismissed the plaintiff's case and gave judgment for the defendant. Plaintiff has appealed.

The judgment is affirmed.

The plaintiff placed the vinyl siding on the house in question under a written contract with Janet's parents, Walter and Kathy Bundy. He assumed that the house belonged to them, and learned only after the contract had been performed and after he had consulted an attorney with his collection problem that the property belonged to Janet. Janet was 12 years old. The house was occupied by Walter and Kathy and presumably by Janet, although nowhere is there any evidence of Janet's residence in the household.

Plaintiff filed his petition in three counts—one count against Walter and Kathy on the contract, one count against Walter, Kathy and Janet on *quantum meruit*, and one count to set aside as fraudulent the conveyance of the property from Walter and Kathy to Janet. The only thing before us, however, is the *quantum meruit* claim against Janet. Walter and Kathy had taken bankruptcy and the claims against them were dismissed in the trial court.

Janet was not party to the contract. She was, as noted, 12 years old at the time of the contract, and the record gives us no clue at all of any connection with or knowledge of the contract, or of the work that was performed thereunder. Walter and Kathy entered into the contract as principals, and did not purport to be acting for Janet in any capacity.

## I

█ Plaintiff's claim against Janet rests wholly upon the evidence that the value of the house owned by Janet was enhanced and that she would be unjustly enriched if she were not required to pay for it. Plaintiff emphasizes that he is not seeking recovery on the contract (to which he acknowledges Janet's minority would be a defense, § 475.135, RSMo 1978). He cites for his position *Globus v. Simon*, 627 S.W.2d 106 (Mo.App.1982) and *Upshaw v. Latham*, 486 S.W.2d 656 (Mo.App.1972). In both those cases, however, the courts recognize the well-known rule that benefits must either be *requested* or *knowingly accepted* by the defendant before the law will imply a promise to pay. There is no evidence of knowing acceptance or any request by Janet in this case. The absence of such evidence is fatal to plaintiff's claim against Janet. This would be true for any defendant, minor or adult. Janet's age enters into this, not to show her legal disability, but only as a matter of evidence, militating against any notion of request or knowing acceptance on her part.

In *Coffman v. Coffman*, 414 S.W.2d 308 (Mo.1967), also cited by the plaintiff, it was held that a good faith improper of real estate acting under a mistake as to title, might have an equitable lien on the real estate for the value of the improvements, even as against minors and unborn remaindermen who had nothing at all to do with the improvements—but even in that case, the court pointed out that the plaintiff would have "no remedy at law against such minors and unborn children", *Coffman*, supra at 313. It is to be noted, as a distinguishing feature, that plaintiff here is seeking a personal money judgment against Janet.

Plaintiff claims the defense of minority, § 475.135, RSMo 1978, is not available against a *quantum meruit* claim against a minor, but we do not need to go into that subject, for, putting aside Janet's minority as a legal disability to one side, and treating her as an adult, still the evidence supports the court's decision.

## II

█ Plaintiff then says he is entitled to recover against defendant under the doctrine of "necessaries". The doctrine of "necessaries" gets around the defense of minority where a person has provided necessaries to a minor in reliance upon the minor's credit and not upon the credit of another. *Mackey v. Schreckengaust*, 27 S.W.2d 752 (Mo.App.1930) is a case in point. There an infant was held not liable for medical services contracted for by the infant's father.

█ Furthermore, there is no showing that these house improvements were "necessaries". While housing is in general a necessary, *Merrick v. Stephens*, 337 S.W.2d 713 (Mo.App.1960), that is not to say that adding additional siding to a house falls into that category. In *Merrick*, supra, the minor executed a note and deed of trust in order to buy a house. He was emancipated at the time, had previously enlisted in the U.S. Air Force, and was engaged to be married. Furthermore, he had misrepresented his age. The court did not allow the minor to disaffirm his indebtedness. Concluding, the court wrote: "All

we decide in this case is that, based on the peculiar facts before us, which involve a combination of age of discretion, apparent maturity, deceit, estoppel, lack of restitution, emancipation and necessity, the plaintiff should be held to his contract..." *Merrick v. Stevens,* supra, at 721. Of course, none of the factors which influenced the court in *Merrick* are present in the case before us.

### III

■ Plaintiff makes some point of the rather irregular way by which Janet acquired title to the real estate, but we are unable to see that that has anything to do with the case's merits. This all took place well before the plaintiff's siding contract. The property was acquired for a total purchase price of $60,000. This purchase price was represented by a $17,400 down payment and a deed of trust for $32,600. Of the $17,400 down payment, $14,000 came from the proceeds of the sale of another piece of real estate which had belonged to Janet. The source of the additional $3,400 cash down payment does not appear in the record. The first piece of real estate was sold under the order of the Probate Court and was apparently regular. Kathy was Janet's duly appointed guardian. The purchase of the acquired real estate, however, where the house was located, was not approved by the Probate Court, and the procedure of § 475.195, RSMo 1978, was not followed. The property was first deeded to Walter and Kathy, who executed the $42,600 note and deed of trust, and who then deeded it to Janet. All this appears to have been part of a single transaction. Plaintiff does not explain to us how this irregularity has anything at all to do with Janet's personal liability in contract or in *quantum meruit* for the siding placed on the house.

Judgment affirmed.